The HOME INSURANCE COMPANY OF NEW YORK, Appellant,

v.

B. M. ENLOE d/b/a DeLuxe Dry Cleaners, Appellee.

No. 6567.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 23, 1956.

Rehearing Denied Feb. 20, 1956.

William A. Rembert, Jr., Dallas, and J. B. Maguire, Jr., Pampa, for appellant.

Aaron Sturgeon and J. E. Thompson, Pampa, for appellee.

NORTHCUTT, Justice.

This action was brought by appellee to recover upon an insurance policy issued by appellant. The appellee first alleged the appellant was liable to appellee under Policy No. FC–405612, the same being a basic policy with Furriers' Customers' Custody Rider attached thereto for loss and damages to clothing, garments and furs kept by appellee for storage. Appellee alleged he did not have the policy but that it was in possession of appellant and gave appellant notice to produce the policy or that appellee would offer secondary evidence to prove the contents of said original policy, amendments and riders thereto. The appellant tendered Policy No. FC–405612 to the appellee but the appellee contended that that was not the policy in issue and, after considerable wrangling and attempts to show the contents of the policy relied upon by appellee, Policy No. FC–405614 was introduced as being the policy relied upon by appellee as covering his damages.

It is the contention of appellee that, on September 13, 1953, he had garments, furs and clothing of his customers in storage in a building located at 123 East Kingsmill Street, Pampa, Texas and that said building at such location together with the contents and the garments, furs and clothing belonging to appellee's customers which were stored in such building were totally destroyed and that such loss and damage were a risk covered by said policy. It was the contention of appellant that it was only liable for the loss of goods stored at 115 South Ballard Street, Pampa, Texas and goods in transit and denied any liability as to the articles stored at 123 East Kingsmill Street where the property was stored when it was destroyed by fire.

The case was submitted to a jury upon seven special issues. In reply to these issues, the jury found that the loss sustained by appellee was covered by the policy in question; that the policy was not issued by reason of a mutual mistake; that appellee offered to furnish to appellant a detailed proof of loss; that appellant denied liability under the policy within 90 days from the date of the fire; that appellee represented to appellant the aggregate amount of outstanding receipts monthly as required under the policy; that appellee sustained loss by reason of fire occurring on September 13, 1953, at 123 East Kingsmill Street, Pampa, Texas and that said damages amounted to $3,034.90. The court overruled appellant's motion for an instructed verdict and also its motion for judgment non obstante veredicto and granted judgment upon the verdict of the jury. Appellant presented its motion for new trial but the same was overruled by the court and appellant perfected this appeal.

Appellant presents its appeal upon six assignments of error but we are of the opinion that there is one point to be determined in this case that will dispose of all the issues herein. It is the contention of appellee that he is entitled to recover $3,000 under the policy, as set out in appellee's Exhibit Four, where the $3,000 figure shows to be opposite the words "Any other premises". It is undisputed that appellant had been insuring the appellee for several years. The appellant, on January 23, 1949, issued a policy to appellee covering 315 West Kingsmill Street, Pampa, Texas, which included $3,000 covering "Limit of liability while in transit." Ap-

pellant issued its Policy No. FC–404859 in favor of appellee effective at noon, May 28, 1952, designating 315 West Kingsmill Street as appellee's place of business covered. This Policy No. FC–404859 was cancelled April 21, 1953 and effective as of that same date, April 21, 1953, is Policy No. FC–405614 covering appellee's place of business at 115 South Ballard Street, Pampa, Texas, being the same policy sued upon herein. It will be noticed that each of appellee's proposals for Furriers' Customers' policy, in each of the policies issued, places the request for the $3,000 coverage shown opposite "while in transit."

By appellee's proposal for Furriers' Customers' Policy No. FC–405614, it follows that appellee does not want coverage for goods stored at any other location than 115 South Ballard Street but only wants the $3,000 coverage "while in transit," but now seeks to recover the $3,000 because the policy shows the $3,000 to be partially opposite "Any other premises."

So that it may be better understood as to the contentions made by each of the parties, we will copy that portion of the policy designating "Limits of Liability" as to location which is as follows:

"Limits of Liability

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

(a) Locations *used for storage* of customers' property and limits of liability applicable thereto

|  | In Storage Enclosure(s) | Outside of Storage Enclosure(s) |
|---|---|---|
| On premises of Assured situate 115 S. Ballard St. Pampa, Texas | $ 35,000.00 | $ 5,000.00 |
| On premises of situate | $ | $ |
| On premises of situate | $ | $ |

(b) Locations *not used* for storage of customers' property and limits of liability applicable thereto

| On premises of situate | $ |
|---|---|
| On premises of situate | $ |
| On premises of situate | $ |
| Any other premises | $ 3,000.00 |

(c) Limit of liability while in transit........$                        "

We think where it is plainly stated, in different colored lettering, as to the location used for storage and limits liability to a certain address that it is binding. Even on the proposal for the Furriers' Customers' policy that was signed by appellee, he applied for the insurance only at 115 South Ballard Street, Pampa, Texas. Subdivision 6 of said proposal is as follows:

"Locations (all) used for storage of Customers' Property:"

Appellee only listed one place that he would store his customers' property and that was 115 South Ballard Street while the fire in question was at a different address altogether. The $3,000 involved herein does not come within "(a) Locations used for storage  \*  \*  \*" but if the $3,000 was

intended to apply to "Any other premises" as contended by appellee instead of "Limit of liability while in transit" as contended by appellant, then it must be considered under Subdivision (b) as to locations *not used* for storage of customers' property. Appellee seeks to recover damages for goods burned while in storage. Appellee specifically pleads and relies upon that portion of the policy reading:

"(b) Locations *not used* for storage of customers' property and limits of liability applicable thereto"

"Any other premises .... $3,000.00"

It will not be questioned, we take it, under this record, and especially since appellee pleaded for garments, furs and clothing *stored*, that appellee was seeking to recover for property that was in storage at the Kingsmill Street location. What is the meaning of "Any other premises"? This phrase standing alone could mean nothing other than any other premises not used for storage. The only place covered as to articles stored was 115 South Ballard Street.

By the application of the rule of "Ejusdem Generis" in construing the meaning of general words following words of particular description, the general words are limited in meaning to the scope of the meaning in the light of the preceding particular phrase. Black's Law Dictionary, Third Edition, defines "Ejusdem Generis" as meaning "Of the same kind, class or nature." We are unable to reach any other conclusion than that "Any other premises" could mean nothing else other than *any other premises not used for storage* and that Subdivision (a) covered the locations used for storage. This is a suit to recover for damaged articles stored at 123 East Kingsmill and appellant only insured articles stored at 115 South Ballard Street and the $3,000 provision only applied to locations not used for storage. The policy in question did not cover appellee's damages and we sustain appellant's first assignment of error. Galveston, H. & H. R. Co. v. Anderson, Tex.Civ.App., 229 S.W. 998.

Appellee seems to rely very much on the jury finding, in answer to Special Issue One, that appellee's loss was covered by the policy in question. That is a question of law to be determined by the court and not a question of fact to be determined by the jury. Since holding that appellee's damages were not covered under the terms of the policy, under this record, we do not discuss the other assigments of error presented by appellant. Judgment of the trial court reversed and rendered that appellee recover nothing.