201 So.2d 479 (1967)
WINTER GARDEN ORNAMENTAL NURSERY, INC., a Florida Corporation, Appellant,
v.
L.E. CAPPLEMAN and W.F. Cappleman, Jr., Partners d/b/a Cappleman Agency, and Reserve Insurance Company, an Illinois Corporation, Appellees.
No. 517.
District Court of Appeal of Florida. Fourth District.
July 27, 1967.
Suggestion for Certification Denied September 11, 1967.
Richard W. Bates, Orlando, for appellant.
Charles T. Wells, of Maguire, Voorhis & Wells, Orlando, for appellee Reserve Ins. Co.
*480 ANDREWS, Judge.
This is an appeal by the plaintiff, Winter Garden Ornamental Nursery, Inc., from a summary final judgment entered in favor of defendant, Reserve Insurance Company.
Fred Borror, a prospective customer of plaintiff, entered the van of plaintiff's truck to select and purchase wholesale merchandise. This was the normal manner in which plaintiff displayed its stock of plants. Borror fell and was injured while leaving the van.
Borror made demand against plaintiff for damages resulting from his fall. Defendant-Reserve, insurer of the truck, declined coverage for the reason that Borror was alighting from the vehicle when injured and that the risk of such injury was within the following policy exclusionary provision:
"PASSENGER HAZARD EXCLUDED
"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon entering or alighting from the automobile."
Plaintiff settled Borror's claim, then brought this action against Defendant-Reserve for breach of its contract of liability insurance with plaintiff. The Capplemans, local agents for Reserve, were also joined as parties defendant but are not a party to this appeal. The trial court entered final summary judgment for Defendant-Reserve and plaintiff appealed.
Plaintiff's claim would seem to be precluded by the endorsement, which specifically excludes liability for injury sustained by any person while alighting from the vehicle. Where, as here, the language is plain and unambiguous, there is no occasion for a court to construe it. Rigel v. National Casualty Company, Fla. 1954, 76 So.2d 285.
But plaintiff contends that the provision, when read with the caption "Passenger Hazard Excluded," becomes ambiguous. In essence, plaintiff argues that the use of the more restricted word "passenger" is misleading and casts doubt on the meaning of "any person" in the body of the endorsement and that this ambiguity must be resolved against the insurer.
Plaintiff's contention is refuted by the general rule which, while allowing resort to a caption to explain an ambiguity in the operative part of the clause, does not permit use of a caption to create ambiguity where none exists. Provident Life & Acc. Ins. Co. v. Anderson, 4 Cir.1948, 166 F.2d 492; Orchard v. Agricultural Insurance Company of Watertown, N.Y., D.C.Ore. 1964, 228 F. Supp. 564. Here the operative language is clear and unambiguous and the above rule applies.
Accordingly, the judgment of the trial court is affirmed.
WALDEN, C.J., concurs.
CROSS, J., dissents, with opinion.
CROSS, Judge (dissenting).
I respectfully dissent. I am aware of the rule that a caption in an insurance policy can be resorted to to explain an ambiguity in the operative part of the clause; it cannot be used to create an ambiguity. I am disposed to consider more far-reaching general rules which override that rule.
In 13 Appleman Insurance Law and Practice, § 7387, the author states:
"The caption of a policy is also a part of it and should be construed with the detailed provisions. The caption should not, of itself, be taken to override the intention of the parties as shown by the provisions and clauses inserted therein, but may be read in connection with *481 such clauses and in determining the intention of the parties." (Emphasis added.)
A contract of insurance must be construed as a whole and, if possible and practicable, all of its parts are to be harmonious and each part given force and effect. 44 C.J.S. Insurance, § 298.
F.S.A. § 627.0118, entitled "Construction of policies", requires that "[e]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto." (Emphasis added.)
I am unable to close my eyes to the fact that the words "Passenger Hazard Excluded" are contained in and are part of the insurance contract. The insurance company in the case at bar elected to entitle the endorsement in question "Passenger Hazard Excluded". It must be assumed that it did this for the purpose of explaining or limiting the amount of coverage afforded by the body of the policy under Coverage A  Bodily Injury Liability. The company could have entitled its endorsement "Bodily Injury Liability Exclusions", or a number of other words or phrases, which would have had a plainer meaning and eliminated any field of doubt.
I am disposed to adhere to the general rule, as applied in Columbian Mut. Life Insurance Co. v. Craft, 1938, 186 Miss. 234, 185 So. 225, 227:
"As respects a feature wherein there is no practical difficulty in making the language plain and free from doubt, we are in accord with the remark found in Turner v. Fidelity, etc., Co., 112 Mich. 425, 70 N.W. 898, 38 L.R.A. 529, 67 Am. St.Rep., 428, that a policy or certificate of insurance `should be framed with such deliberate care that no form or expression by which, on the one hand, the party assured can be caught, or by which, on the other, the company can be cheated, should be found on the face of it; [page 899] and the only effective way to foster that result is to construe any doubtful provision against the company * * * which prepared and put forth the policy".
The United States Supreme Court in Aschenbrenner v. United States Fidelity & Guaranty Co., 1934, 292 U.S. 80, 84, 54 S.Ct. 590, 592, 78 L.Ed. 1137, stated:
"The phraseology of contracts of insurance is that chosen by the insurer and the contract in fixed form is tendered to the prospective policyholder who is often without technical training, and who rarely accepts it with a lawyer at his elbow. So if the language is reasonably open to two constructions, that more favorable to the insured will be adopted".
Florida Statute, ch. 627, Part II, F.S.A., entitled "The Insurance Contract", discloses the policy of the law of this state in the matter of contents of insurance contracts. It requires that the terms of contracts of insurance shall be plainly expressed, and, while it cannot be expected that all terms which could be denominated as technical shall be eliminated, nevertheless, it can be expected and required that phrases which cause misunderstanding and litigation should be discontinued and those of plainer meaning inserted in lieu thereof. There is no such dearth in our English language that this may not be done. Who is insured, for what, how much and how long should be made as plain and as certain within human capacity so that the insured shall have insurance and not lawsuits.
In adhering to general rules it should be noted that the general rule and the rule followed in Florida is that provisions of a policy which tend to limit or avoid liability are to be construed most liberally in favor of the insured and strictly against the insurer. St. Paul Fire & Marine Insurance Company v. Icard, Merrill, Cullis and Timm, P.A., Fla.App. 1967, 196 So.2d 219.
*482 The insurance company prepared and put forth the endorsement in question. My reasoning is that the endorsement "Passenger Hazard Excluded" is limited to "passenger" in the ordinary sense of the word and is not extended to "any person" as the insurance company would desire to relieve itself of liability under the contract.
In Webster's Third New International Dictionary (1966) the word "passenger" is defined as one who passes by, traveler, wayfarer, a rider in an automobile.
The factual circumstances which gave rise to the action are without genuine issue. It is undisputed that the injured person was not a passenger in the general sense of the word. He did not come within the exclusionary provision as I interpret the intention of the parties to this contract.
The language of the exclusionary clause in the case at bar is also particularly susceptible to the application of the general rule of "ejusdem generis" because of the use of the specific word "passenger" followed thereafter by the general term "any person". This rule has been applied in Home Insurance Company of New York v. Enloe, Tex.Civ.App. 1956, 287 S.W.2d 235, 238, where the court stated:
"By the application of the rule of `Ejusdem Generis' in construing the meaning of general words following words of particular description, the general words are limited in meaning to the scope of the meaning in light of the preceding particular phrase."
I am of the opinion that this general rule also is applicable to the case at bar and operates to cause the words "any person" to be limited in meaning to the scope of the word "passenger". If this reasoning is unsound then it must be said that the language of the endorsement in question is so indefinite and ambiguous that the caption must be used to explain an ambiguity in the operative part of the clause. A construction therefore would be necessary, and it is subject to the well-known rule that the ambiguity must be construed against the insurance company and favorable to the insured. Annotations, 17 A.L.R. 2d 1044.
I would reverse the summary judgment entered in favor of the defendant and remand the cause to the trial court with instructions to enter summary judgment in favor of the plaintiff.