386 So.2d 1316 (1980)
ADAM METAL SUPPLY, INC., a New York Corporation, Appellant,
v.
ELECTRODEX, INC., a Florida Corporation, Appellee.
No. 79-921.
District Court of Appeal of Florida, Second District.
September 3, 1980.
*1317 Douglas A. Wallace, Bradenton, for appellant.
Richard H. Bailey and Curtis Hamlin of Harrison, Harllee, Porges & Bailey, Bradenton, for appellee.
PER CURIAM.
This appeal involves the application of several sections of the Uniform Commercial Code. Appellee contracted to buy from appellant 200 sheets of Coilzak, a special kind of aluminum sheeting, for a total sales price of $3,069. Appellee intended to use the Coilzak in the manufacture of lighting fixtures which were to be sold to a third party (WILD) pursuant to a contract requiring the use of Coilzak aluminum in the fixtures. In the course of processing the shipment, appellee concluded that the shipment it had received was not Coilzak and refused to pay for it.
*1318 Appellant sued for the purchase price. The court denied appellant any relief because it found that the shipment was nonconforming and thereby entitled appellee to a set-off of $3,069. Appellant does not contest the finding that the aluminum shipment was not Coilzak but argues that appellee accepted the shipment and therefore was liable to pay for it.
It does appear that appellee accepted the shipment and that thus under Section 672.607(1), Florida Statutes (1979), it was liable for the contract price. However, it notified appellant of the nonconforming use within a reasonable time after discovery according to the requirements of Section 672.607(3)(a), Florida Statutes (1979). Consequently, under Section 672.714, Florida Statutes (1979), it was entitled to damages for the nonconforming shipment which it could subtract from the contract price of the shipment pursuant to Section 672.717, Florida Statutes (1979). Insofar as this analysis goes, we are in agreement with the trial court, but we must quarrel with its finding that appellee's damages equaled the contract price.
In failing to provide appellee with Coilzak, appellant breached an express warranty to appellee that the goods appellee was to receive would be Coilzak. § 672.313, Fla. Stat. (1979). That part of Section 672.714 which deals with damages for breach of warranty is subsection (2), and it reads as follows:
(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.
Appellee was able to use 40% of the shipment in the manufacture of smaller fixtures which did not require Coilzak aluminum, and appellee was able to sell these fixtures to WILD. Appellee did not demonstrate that the value of the forty per cent of the shipment which it used was less than the contract price. Therefore, appellee failed to prove damages for breach of warranty as to forty per cent of the shipment.
WILD declined to take any more fixtures without Coilzak aluminum, so the balance of the shipment had only scrap value to appellee. Since the court gave appellant the right to retrieve the unused aluminum, appellant could not claim that appellee even had the benefit of scrap value. Therefore, appellee was entitled to damages of sixty per cent of the contract price or $1,841.40. It should be noted that in applying Section 672.714(2), we have used the value of the aluminum after it was sheared rather than the value of the aluminum at the time of its acceptance. However, the "special circumstances" of this case, namely the fact that it was necessary to shear the aluminum in order to determine that it was not Coilzak, mandates that result and makes it perfectly proper under Section 672.714.
Appellee also proved that it incurred an expense of $200 in shearing all of the aluminum sheets before it realized the nonconforming use. The shearing costs applicable to the unusable portion of the shipment were $120 ($200 X 60%). Thus, appellee suffered incidental damages in that amount as permitted by Section 672.714(3).
Appellee's total damages were $1,961.40. Therefore, appellee was only entitled to a set-off of that amount against the contract price of $3,069. Accordingly, we reverse with directions to enter judgment for appellant in the sum of $1,107.60.
REVERSED AND REMANDED WITH DIRECTIONS.
SCHEB, C.J., and GRIMES and DANAHY, JJ., concur.