421 So.2d 722 (1982)
SHREVE LAND COMPANY, INC., a Foreign Corporation, Appellant,
v.
J & D FINANCIAL CORPORATION, a Florida Corporation, Appellee.
No. 81-2499.
District Court of Appeal of Florida, Third District.
November 9, 1982.
*723 Helliwell, Melrose & DeWolf and Robert J. Schaffer, Miami, for appellant.
Levine, Reckson, Reed & Geiger and Mark A. Marder, Elizabeth Bowen, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Shreve Land Company, defendant below, appeals from a final judgment entered against it following a non-jury trial in J & D's action for payment for goods delivered to Shreve.
In January, 1979, Shreve contracted with Pac-Dor, Incorporated, for the purchase of 103 doors for a construction project in Louisiana. The contract called for a single shipment and provided that Shreve would pay $11,483 for the doors after receiving payment from the owner of the project. On April 8, 1980, Pac-Dor assigned its interest in the purchase price due from Shreve to J & D which made an initial payment of $3,500, and agreed to pay an additional $6,145.72 on collection of the full $11,483. Pac-Dor's president warranted that the net balance of $11,483 was then due and owing although the doors had not yet been shipped. Subsequently Pac-Dor shipped 55 doors to Shreve and issued an invoice for $6,320. Pac-Dor and J & D then entered into a second agreement on April 28, 1980 by which Pac-Dor assigned its interest in the $6,320 receivable for the 55 doors to J & D for an additional $924 (or a total of $4,424). Despite the fact that it had not yet completed its agreed performance under the January contract, Pac-Dor warranted that the $6,320 receivable was not subject to any setoff or defense by Shreve. Pac-Dor notified Shreve of the assignment on May 19, 1980.
At trial, Jack Carmel, President of J & D, testified that he was told by Gary Hinton, Shreve's project manager, prior to the shipment of 55 doors, that Shreve would accept and pay for the partial shipment so long as the remainder of the doors were promptly delivered. Hinton testified that he advised Carmel that if the rest of the doors were not received, Shreve would have to buy *724 them elsewhere and deduct the amount of such purchase from the contract price. The remaining doors were not delivered and Shreve notified J & D and Pac-Dor of its intent to set off the indebtedness.
J & D instituted suit against Shreve to recover the $6,320, together with interest, costs and attorney's fees. Shreve answered and counterclaimed for damages resulting from Pac-Dor's failure to fully perform the contract. The counterclaim was voluntarily dismissed, but the breach of contract setoff, in excess of J & D's claim, was asserted as the sole defense. After hearing testimony and evidence, the trial court issued a memorandum decision, finding that Shreve had accepted partial delivery of the 55 doors and was liable for payment. Judgment was entered for J & D in the amount of $6,320 plus pre-judgment interest and attorney's fees. Shreve then filed this appeal, alleging error in the trial court's failure to allow it a setoff for Pac-Dor's breach, and error in the pre-judgment interest and attorney's fees awards.
The law is well settled that an assignee succeeds to his assignor's rights under the assignment of a contract and takes it with all the burdens to which it is subject in the hands of the assignor. If the assignee seeks to enforce the contract, he must show that all conditions have been performed either by himself or the assignor. Florida East Coast Ry. Co. v. Eno, 99 Fla. 887, 128 So. 622 (1930); Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc., 376 So.2d 22 (Fla.2d DCA 1979); Morton v. Morton, 307 So.2d 835 (Fla.3d DCA), cert. denied, 324 So.2d 90 (Fla. 1975); Prestress Erectors, Inc. v. James Talcott, Inc., 213 So.2d 296 (Fla.3d DCA), cert. denied, 219 So.2d 702 (Fla. 1968). This rule extends to counterclaims and setoffs against the assignor which the debtor can establish to reduce the sum recoverable against him. Nusbaum v. Riskin, 136 So.2d 1 (Fla.2d DCA 1961).
Applying this principle to the present case, we find that Shreve properly asserted a setoff against the debt owed to J & D for the loss it suffered as a result of Pac-Dor's failure to deliver the full 103 doors as agreed. J & D argues, however, that Shreve agreed to and accepted delivery of the partial shipment and was therefore liable to pay for it. Shreve concedes that it waived the one shipment requirement of the contract with Pac-Dor, but argues that the setoff defense was dependent on whether or not it waived the requirement of full delivery of the 103 doors, which it most emphatically did not. We agree.
Ordinarily, acceptance of the 55 doors would make Shreve liable for payment under section 672.607(1), Florida Statutes (1979). However, since Shreve notified both Pac-Dor and J & D of the nonconformity within a reasonable time as required by section 672.607(3)(a), Florida Statutes (1979), it was entitled to deduct all or any part of the damages from the price of the 55 doors under section 672.717, Florida Statutes (1979). Adam Metal Supply, Inc. v. Electrodex, Inc., 386 So.2d 1316 (Fla.2d DCA 1980).
In computing the measure of damages, we look to section 672.712, Florida Statutes (1979), which allows a buyer to "cover" a breach by purchasing, within a reasonable time and in good faith, substitute goods for those due from the seller. The measure of damages is the difference between the cost of cover and the contract price along with any incidental damages less expenses saved. Since there is no dispute that the breach required Shreve to pay $13,581 to another supplier to obtain the remainder of the doors, and Shreve received only $11,483 for the doors from the owner of the construction project, it was entitled to set off the entire $6,320 owed to J & D under the assignment. Accordingly, we reverse and remand the case with directions to enter judgment for Shreve. Our reversal makes it unnecessary to reach the other issues raised.
Reversed and remanded with directions.