897 So.2d 469 (2004)
MARLIN DIAGNOSTICS, etc., Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INS. CO., Appellee.
No. 3D03-2533.
District Court of Appeal of Florida, Third District.
December 15, 2004.
Lopez & Best and Virginia Best and Christian Carrazana, for appellant.
Akerman Senterfitt and Marcy Levine Aldrich, Miami, and Nancy A. Cooperthwaite and Jeffrey T. Cook, for appellee.
Before SCHWARTZ, C.J., and LEVY, J., and ORFINGER, MELVIN, Senior Judge.
PER CURIAM.
We have for review an Order and Final Judgment of Dismissal of a class action based upon the trial court's determination that State Farm Mutual Automobile Insurance Company (State Farm) has the right to require a medical provider to submit to an Examination Under Oath (EUO) when that provider had accepted from State Farm's insured an assignment of benefits and had asserted the right to pursue personal injury protection (PIP) benefits. For the following reasons, we reverse.
Fidencia Correa received medical treatment at Marlin Diagnostics (Marlin) following an automobile accident in June, 2001. Correa was insured by State Farm. Marlin received an assignment of benefits from Correa and submitted a claim to State Farm for $680 for services rendered. In August, 2002, State Farm requested that Marlin's representative submit to an EUO in accordance with the PIP provisions of Correa's policy which provides, among other things, that a person who suffers a bodily injury and makes a claim under the policy shall "... answer questions under oath...." Marlin then filed an amended complaint against State Farm, count I of which sought class action status and a declaration of rights predicated upon State Farm's denial of payment of PIP *470 benefits to medical providers who accept assignment of benefits but who fail to attend an EUO. Count II was for breach of contract as to Marlin. In ruling on State Farm's motion to dismiss, the trial court determined that State Farm had the right to require Marlin to submit to the EUO after accepting the assignment of Correa's benefits, and entered an Order and Final Judgment of Dismissal.
State Farm argues here, as it did below, that the assignment by Correa to Marlin transferred not just her rights to benefits under her policy, but also her obligations, one of which was to attend an EUO when requested by State Farm. As correctly explained by the Circuit Court of the Eleventh Judicial Circuit, Appellate Division, in the case of Advanced Diagnostics Testing, Inc. v. State Farm Ins. Co., 11 Fla. L. Weekly Supp. 964 (Fla. 11th Cir.Ct.2004), a case where State Farm made an argument much like the one here, "... when an insured assigns his benefits to a healthcare provider, the obligation to attend an EUO remains with the insured, and the insurer has a good defense to the providers claim if the insured refuses to attend an EUO." The obligation to attend an EUO does not shift to the provider merely because the insured assigned her benefits.
State Farm argues, however, that "... medical providers-particularly those submitting claims  often are perpetrators of the rampant PIP fraud that has been criticized by Florida law enforcement authorities and legislators. Therefore, insurers need to examine both medical providers and insureds." The legislature has seen to this problem by requiring healthcare providers who make claims for personal injury benefits to,
... if requested to do so by the insurer against whom the claim has been made, furnish forthwith a written report of the history, condition, treatment, dates, and costs of such treatment of the injured person and why the items identified by the insurer were reasonable in amount and medically necessary, together with a sworn statement that the treatment or services rendered were reasonable and necessary with respect to the bodily injury sustained....
Section 627.736(6)(b), Florida Statutes (2001).
Additionally, subsection (c) of the same statute gives the insurer the right to petition the court for permission to engage in discovery. It appears that the legislature has covered all bases.
State Farm also claims that the order of dismissal can be affirmed because Marlin failed to submit a demand letter. Section 627.736(11)(a), Florida Statutes (2001),[1] provides:
As a condition precedent to filing any action for an overdue claim for benefits under paragraph (4)(b), the insurer must be provided with written notice of an intent to initiate litigation; provided, however, that, except with regard to a claim or amended claim or judgment for interest only which was not paid or was incorrectly calculated, such notice is not required for an overdue claim that the insurer has denied or reduced, nor is such notice required if the insurer has been provided documentation or information at the insurer's request pursuant to subsection (6). Such notice may not be sent until the claim is overdue, including any additional time the insurer *471 has to pay the claim pursuant to paragraph (4)(b).
It is undisputed that no demand letter was submitted here prior to filing suit. However, since we are unable to determine from the record whether a demand letter was required under the aforementioned statute, we remand the case to the trial court so that it may make the necessary findings and rule on this issue.[2]
REVERSED AND REMANDED.
NOTES
[1] The accident in question occurred on June 4, 2001. This section of the statute has since been amended.
[2] We refrain from deciding whether this is an appropriate case for a class action as the trial court has not yet ruled on that issue.