981 So.2d 661 (2008)
The ITNOR CORPORATION, et al., Appellants,
v.
MARKEL INTERNATIONAL INSURANCE COMPANY, LTD., Appellee.
Nos. 3D07-1449, 3D07-1613.
District Court of Appeal of Florida, Third District.
May 21, 2008.
*662 Law Offices of Manuel Garcia and Ronald E. Solomon, Key West; Richard A. Sherman, Fort Lauderdale; and The Ferraro Law Firm and W. Sam Holland, for appellants.
Law Offices of Clinton D. Flagg and Carol A. Fenello, for appellee.
Before GERSTEN, C.J., and LAGOA, J., and DAMOORGIAN, Associate Judge.
GERSTEN, C.J.
The Itnor Corporation ("Itnor") and Shirley Murphy ("Murphy") appeal a final summary judgment in favor of Markel International Insurance Company, Ltd. ("Markel"). We affirm.
While working at Itnor's trailer park, Murphy was injured in a propane gas explosion. Itnor, meanwhile, had a commercial liability policy with Markel. The policy excluded: (a) bodily injury "arising out of operations performed for you by independent contractors" ("independent contractor exclusion"); and (b) bodily injury "arising out of actions . . . initiated or caused to be brought about by any insured covered by the policy against any other insured covered by this policy" ("cross liability exclusion").
Markel sent a reservation of rights letter and filed a declaratory action to determine *663 coverage for Murphy's lawsuit. Ultimately, the parties filed cross motions for summary judgment.
Based on the pleadings, motions, affidavits, and depositions, the trial court determined that Murphy was an independent contractor injured in the course and scope of her employment. Thus, the trial court determined Murphy was barred from coverage under the policy's independent contractor and cross liability exclusions.
Itnor and Murphy contend that neither the independent contractor nor the cross liability exclusions are applicable for two reasons: (l) the independent contractor exclusion is ambiguous and should be interpreted against Markel; and (2) the cross liability exclusion does not apply because Murphy is not an insured manager. Markel, on the other hand, asserts that both exclusions are unambiguous and applicable.
Upon review of the record, we agree with the trial court that no genuine issue of material fact exists concerning Murphy's status as an independent contractor injured in the course and scope of her employment. Therefore, we agree with Markel.
Courts must construe insurance contracts in accordance with their plain meaning. Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So.2d 528, 532 (Fla. 2005). Moreover, an insurance contract must be read as a whole. § 627.419(1), Fla. Stat. (2007). Where policy language is susceptible to more than one reasonable interpretation, it is considered ambiguous, and will be liberally construed in favor of the insured. Taurus Holdings, 913 So.2d at 532. However, neither the caption nor a failure to define a term may be used to create an ambiguity. See Auto-Owners Ins. Co. v. Above All Roofing, LLC, 924 So.2d 842, 847 (Fla. 2d DCA 2006); Winter Garden Ornamental Nursery, Inc. v. Cappleman, 201 So.2d 479, 480 (Fla. 4th DCA 1967).
Turning first to the independent contractor exclusion, we conclude that this provision plainly and unambiguously excludes coverage. The ambiguity purportedly arises from the caption and its failure to define the term "operation." Although the caption refers only to employees of independent contractors, the remaining language clearly includes the independent contractors. Notably, in this case, Itnor and Murphy admitted in their motions for summary judgment that Murphy was an independent contractor.
Further, the failure to define the term "operation" does not create an ambiguity. The term should be given its plain and ordinary meaning. See Auto-Owners, 924 So.2d at 847. The American Heritage Dictionary defines "operation" as "a process or series of acts involved in a particular form of work." The American Heritage Dictionary of the English Language, Fourth Edition (2004), available at http://dictionary.reference.com/browse/operation. Here, Murphy testified that she was readying an apartment for a tenant when she was injured. Thus, the trial court properly found that Murphy's injury arose out of "operations" performed in the course and scope of her employment.
Turning next to the cross liability exclusion, under this type of exclusion, claims brought by one insured against another insured covered by the same policy are barred. See Underwriters at Lloyds London v. STD Enters., Inc., 395 F.Supp.2d 1142, 1144 (M.D.Fla.2005). Further, a commercial liability policy is designed to protect the insured from claims by the public, not from individuals working for the insured. See Fla. Ins. Guar. Ass'n v. Revoredo, 698 So.2d 890, 892 (Fla. 3d DCA 1997).
*664 Here, Itnor is the named insured. The policy provides that "any person . . . acting as your real estate manager" is also an insured. Murphy acted as the real estate manager of Itnor's trailer park. Therefore, the cross liability exclusion barred coverage for Murphy's lawsuit against Itnor.
Because coverage is excluded under Markel's policy, we affirm the final summary judgment entered below.
Affirmed.