726 So.2d 320 (1998)
UNITED AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Metelit VILES, Appellee.
No. 98-351
District Court of Appeal of Florida, Third District.
December 16, 1998.
As Amended on Denial of Rehearing March 10, 1999.
Conroy, Simberg & Ganon and Hinda Klein, Hollywood, for appellant.
Deutsch & Blumberg and James C. Blecke, Miami; Sirven & Adams and Tony Sirven, Hialeah, for appellee.
Before JORGENSON, LEVY and GERSTEN, JJ.
As Amended on Denial of Rehearing En Banc March 10, 1999.
PER CURIAM.
Appellant, United Automobile Insurance Company ("United Auto") appeals an order directing a verdict in favor of appellee, Metelit Viles ("Viles"), in a breach of contract claim for Personal Injury Protection ("PIP") benefits. We affirm based upon our conclusion that Section 627.736(7)(a), Florida Statutes (1997), requires an insurer to obtain a physician's report as a condition precedent to withdrawing or denying further medical payments.
Viles filed suit seeking PIP benefits for injuries allegedly sustained by Viles in an October 1995 car accident. United Auto answered and affirmatively defended that the chiropractic bills were fraudulent and not reasonably related to the accident in question. United Auto paid $1,100 to Viles before denying payment on the outstanding bills.
At the end of the trial, Viles moved for directed verdict arguing that Section 627.736(7)(a) required United Auto to first obtain a report from a similarly licensed physician before it could withdraw payment. Section 627.736(7)(a) provides in pertinent part:
Whenever the mental or physical condition of an injured person covered by personal injury protection is material to any claim that has been or may be made for past or future personal injury protection insurance benefits, such person shall, upon the request of an insurer, submit to mental or physical examination by a physician or physicians.... An insurer may not withdraw payment of a treating physician without the consent of the injured person covered by the personal injury protection, unless the insurer first obtains a report by a physician licensed under the same chapter as the treating physician whose *321 treatment authorization is sought to be withdrawn, stating that treatment was not reasonable, related, or necessary.
According to Viles, because United Auto failed to comply with this statutory requirement, it was required to pay the entire amount of his chiropractic bills. The court reserved ruling, and the case was submitted to the jury.
The jury found that Viles had sustained reasonable and necessary medical bills of only $2,000. Since Viles had a $2,000 deductible and the verdict did not exceed that amount, United Auto argued that final judgment should be entered in its favor. However, despite these factual findings, the trial court granted Viles' renewed motion for directed verdict based upon Section 627.736(7)(a), finding that United Auto was barred from raising the defense that the bills were not reasonable or necessary, because it failed to obtain a physicians report prior to denying payment.
Final judgment was entered in favor of Viles in the amount of $3,632.00, the entire remaining sum owed to the doctor, and the trial court certified the following question of great public importance to this Court:
In any claim for personal injury protection benefits in which the insurance carrier has withdrawn, reduced benefits or denied further benefits, is it a condition precedent pursuant to Section 627.736(7)(a), Florida Statutes, that an insurer obtain a report by a physician licensed under the same chapter as the treating physician stating that the treatment was not reasonable, related or necessary in order for the insurance carrier to defend a suit for reduction, withdrawal or denial of further payments on the grounds of reasonableness, necessity or relationship?
We answer the certified question in the affirmative, and affirm the order below.
In construing statutory language, the words used in legislation must be given their ordinary and commonly accepted meaning. See Hancock Advertising, Inc. v. Dept. of Transportation, 549 So.2d 1086 (Fla. 3d DCA 1989), rev. denied, 558 So.2d 17 (Fla. 1990). Statutes will not be interpreted in a manner that leads to an unreasonable or ridiculous result or a result obviously not intended by the legislature. See Drury v. Harding, 461 So.2d 104 (Fla. 1984); Palm Springs General Hospital, Inc. of Hialeah v. State Farm Mut. Auto. Ins. Co., 218 So.2d 793 (Fla. 3d DCA 1969), affirmed, 232 So.2d 737 (Fla. 1970). Moreover, statutory provisions under Florida's no fault laws will be construed liberally in favor of the insured. See Farmer v. Protective Cas. Ins. Co., 530 So.2d 356 (Fla. 2d DCA 1988).
Applying these principles to the language at issue in Section 627.736(7)(a), we agree with the trial court's well reasoned analysis concluding that United Auto was required to first obtain a physician's report before refusing to pay further medical bills. The statute plainly provides that an insurer must first obtain the referenced report before electing to withdraw payment. As accurately stated in Derius v. Allstate Indemnity Co., 23 Fla. L. Weekly D1383 (Fla. 4th DCA 1998):
This language is part of the independent medical examination requirement of section 627.736(7) which is "intended to give insurers an opportunity to determine the legitimacy of a claim so that an appropriate decision can be made as to whether benefits should be paid." U.S. Security Ins. Co. v. Silva, 693 So.2d 593, 596 (Fla. 3d DCA 1997). The quoted language from section 627.736(7)(a) sets up a procedural requirement that an insurer cannot withdraw payment of a treating physician unless the decision is supported by an expert that the treatment does not comply with the statutory criteria. If the insurer were to act without complying with such a procedural requirement, any termination of payment would be ineffective. In this procedural hurdle, we do not discern a legislative intent to alter the burden of proof in a lawsuit for PIP benefits.
We also agree with the trial court's determination that because United Auto failed to comply with the statutory condition precedent, its termination of PIP benefits was ineffective. Accordingly, the trial court properly precluded a reduction of the amount sought by Viles. For the reasons stated *322 above, we answer the certified question in the affirmative, and affirm the order below.
Affirmed.