773 So.2d 1190 (2000)
ALLSTATE INDEMNITY COMPANY, Appellant,
v.
Maurice DERIUS, Appellee.
No. 4D99-3842.
District Court of Appeal of Florida, Fourth District.
November 29, 2000.
Rehearing Denied January 19, 2001.
Richard A. Sherman, and Rosemary B. Wilder of Richard A. Sherman, P.A., Fort Lauderdale, and Joseph G. Murasko of Dickstein, Reynolds & Woods, West Palm Beach, for appellant.
Diego C. Asencio of Diego C. Asencio, P.A., North Palm Beach, for appellee.
*1191 Tracy Raffles Gunn of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Amicus Curiae-Progressive Insurance Companies and Florida Defense Lawyers' Association.
LENDERMAN, JOHN C., Associate Judge.
We have on appeal a final summary judgment entered for appellee and containing a certified question of great public importance. This court has jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(4)(a) and 9.160. The Palm Beach County Court certified the following question of great public importance:
Must an insurance company, who seeks to reduce bills for medical treatment; pursuant to Section 627.736(1)(a), first obtain a report from a physician licensed under the same licensing chapter as the treating physician stating that the bills for treatment are not reasonable, pursuant to Section 627.736(7)(a), Florida Statutes?
We answer the certified question in the negative.

Material Facts
On August 10, 1994, Maurice Derius sustained injuries as a result of an automobile accident. Derius received treatment for injuries sustained during the accident and had a policy with Allstate providing for personal injury protection (PIP) and medical expense coverage. Allstate reduced the amount of some of the doctor bills submitted by Derius, prompting Derius to sue Allstate and alleged that on the basis that the PIP statute required a report from a physician before no-fault benefits could be denied, withheld, or reduced.
The trial court granted Derius summary judgment against Allstate because Allstate did not have a report to contest the reduction of one doctor's bill. Thus, the issue on appeal is whether a PIP insurer must first obtain a report from a like-licensed physician in order to contest the reasonableness of a treating physician's bill.

Analysis
A corollary issue was recently addressed by this court in AIU Ins. Co. v. Daidone, 760 So.2d 1110 (Fla. 4th DCA 2000), where this court disagreed with Perez v. State Farm Fire & Cas. Co., 746 So.2d 1123 (Fla. 3d DCA 1999), rev. granted, United Auto. Ins. Co. v. Rodriguez, 767 So.2d 464 (Fla.2000). There, we held that the PIP statute did not require an insurer to obtain a written report as to the reasonableness of treatment within thirty days of notice of the bill in order to contest the payment. We noted that "[f]ailing to obtain proof that it is not responsible for payment, however, does not deprive the insurer of its right to contest payment." Id. at 1113. In addition, we noted that this court previously held in Derius v. Allstate Indem. Co., 723 So.2d 271, 272 (Fla. 4th DCA 1998), that "an insurer is not liable for any medical expense to the extent that it is not a reasonable charge for a particular service or if the service is not necessary."
We do not interpret section 627.736(7)(a), Florida Statutes (1999), as requiring a written report as a condition precedent to reducing payment of a bill for treatment on the grounds of reasonableness, necessity or relationship. We distinguish this case from United Auto. Ins. Co. v. Viles, 726 So.2d 320 (Fla. 3d DCA 1998), because in that case the insurer withdrew all payments for treatment as fraudulent and not related to the accident. In the instant case, we deal only with the reduction of a physician's bill. We answer the certified question in the negative. We reverse the trial court's entry of final summary judgment entered for Derius and direct that the trial court enter partial summary judgment on this issue in favor of Allstate.
WARNER, C.J., and TAYLOR, J., concur.