ROTHENBERG, J.
 

 In this petition for certiorari, United Automobile Insurance Company (“United Auto”) seeks quashal of a decision of the Miami-Dade Circuit Court sitting in its appellate capacity (“circuit court”). The decision under review affirms the Miami-Dade County Court’s (“trial court”) order granting summary judgment in favor of Santa Fe Medical Center (“Santa Fe”). Based upon this Court’s en banc review, we grant the petition and quash the decision of the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 Telmo Lopez, the insured, was involved in an automobile accident. He subsequently sought treatment with Santa Fe, and assigned his right to PIP benefits to Santa Fe. Santa Fe, as assignee, submitted bills for Mr. Lopez’s treatment to United Auto, and United Auto denied payment. Thereafter, Santa Fe filed suit against United Auto in the trial court. United Auto answered and filed its affirmative defenses, asserting that it possessed reasonable proof that it was not responsible for the submitted bills, and the payment was not “overdue” because the treatment rendered and the expenses incurred were not reasonable, related, and necessary.
 

 Santa Fe moved for summary judgment. In support of its motion, Santa Fe submitted an affidavit executed by Mr. Lopez’s treating physician, Dr. Francisco Huertas, averring that the treatment rendered by Santa Fe to Mr. Lopez, and the resulting medical expenses incurred by Mr. Lopez, were medically necessary, reasonable, and related to the subject accident. In response, United Auto filed an affidavit submitted by Dr. Millheiser.
 

 On September 18, 2006, the trial court granted Santa Fe’s motion for summary judgment, finding no genuine issue of material fact after rejecting Dr. Millheiser’s affidavit because: (1) it was based upon his review of Mr. Lopez’s treatment records, rather than a physical examination of Mr. Lopez, and (2) Dr. Millheiser did not conduct his review or submit his affidavit within thirty days of United Auto’s receipt of the claim. United Auto appealed to the circuit court.
 

 The two issues before the circuit court were: (1) whether the trial court erred in refusing to consider Dr. Millheiser’s affidavit because it was not based upon his personal examination of the insured, Mr. Lopez; and (2) whether the trial court erred by failing to consider Dr. Millheiser’s affidavit because it was generated more than thirty days after the claim for PIP benefits was submitted by Santa Fe. The circuit court appellate panel concluded that: (1) the trial court properly refused to consider Dr. Millheiser’s affidavit when ruling on Santa Fe’s motion for summary judgment because it was generated more than thirty days after Santa Fe submitted the claim to United Auto, and therefore, it was untimely; and (2) the trial court properly concluded that Dr. Millheiser’s affidavit could not be used to defeat Santa Fe’s motion for summary judgment because the affidavit was not based upon his own physical examination of Mr. Lopez. Thus, the circuit court found that summary judgment was properly granted.
 

 STANDARD OF REVIEW
 

 Our review of this second-tier certiorari petition is limited to whether the petitioner, United Auto, was afforded due
 
 *63
 
 process and whether the circuit court appellate panel departed from the essential requirements of law.
 
 See Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 889 (Fla. 2003). A departure from the essential requirements of law is equivalent to a failure to apply the correct law.
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 530 (Fla.1995). “[I]n addition to case law dealing with the same issue of law, an interpretation of a statute, a procedural rule, or a constitutional provision may be the basis for granting certiorari review.”
 
 Kaklamanos,
 
 843 So.2d at 890.
 

 Because we conclude that: (1) the circuit court [appellate division] has incorrectly interpreted and applied sections 627.736(4)(b) and 627.736(7)(a), Florida Statutes (2003); (2) the circuit court’s interpretation and application of sections 627.736(6)(4)(b) and 627.736(7)(a) are a departure from the essential requirements of law; and (3) the “circuit court’s decision establishes a rule of general application” for future county court cases, “thus exacerbating the effect of the [circuit court appellate panel’s] legal error,”
 
 Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic,
 
 913 So.2d 1281, 1287 (Fla. 2d DCA 2005), we grant certiorari review.
 
 See also Gould v. State,
 
 974 So.2d 441 (Fla. 2d DCA 2007);
 
 State Farm Fla. Ins. Co. v. Lorenzo,
 
 969 So.2d 393, 398 (Fla. 5th DCA 2007).
 

 ANALYSIS
 

 Our analysis involves the application of two subsections of section 627.736 — subsections (4)(b) and (7)(a). Subsection (4)(b) pertains to circumstances where “the insurer has either reduced, omitted, or declined” payment of PIP claims that are reasonable, necessary, and related, whereas subsection (7)(a) sets forth the necessary requirements that an insurer must satisfy before it may withdraw future PIP benefits.
 

 A. Application of section 627.736(4)(b): The circuit court’s failure to consider Dr. Millheiser’s affidavit because it was generated more than thirty days after the claim was submitted
 

 At the hearing on Santa Fe’s motion for summary judgment, the trial court refused to consider Dr. Millheiser’s affidavit, in part, because it was not generated within thirty days of Santa Fe’s submission of the PIP claim or prior to United Auto’s denial of the claim. The circuit court agreed with the trial court, finding that because Dr. Millheiser’s affidavit was obtained more than thirty days after Santa Fe submitted its claim to United Auto, it was untimely. The trial court and the circuit court’s findings are based upon an incorrect interpretation of section 627.736(4)(b). Subsection (4)(b) pertains to the time period for payment of PIP claims that are reasonable, necessary, and related; establishes the insurer’s obligations when reducing or denying payment of a PIP claim; and addresses the insurer’s right to contest the reasonableness of the claim at any time. Subsection (4)(b) provides as follows:
 

 (4) BENEFITS; WHEN DUE.— Benefits due from an insurer under ss. 627.730-627.7405 shall be primary, ... and shall be due and payable as loss accrues, upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred which are covered by the policy issued under ss. 627.730-627.7405.
 

 [[Image here]]
 

 (b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.... When an insurer pays only a portion of
 
 *64
 
 a claim ox- rejects a claim, the insurer shall provide at the time of the partial payment or rejection an itemized specification of each item that the insurer had reduced, omitted, or declined to pay and any information that the insurer desires the claimant to consider related to the medical necessity of the denied treatment or to explain the reasonableness of the reduced charge, provided that this shall not limit the introduction of evidence at trial.... However, notwithstanding the fact that written notice has been furnished to the insurer, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for payment.... This paragraph does not preclude or limit the ability of the insurer to assert that the claim was unrelated, was not medically necessary, or was unreasonable or that the amount of the charge was in excess of that permitted under, or in violation of, subsection (5). Such assertion by the insurer may be made at any time, including after payment of the claim or after the 30-day time period for payment set forth in this paragraph.
 

 (Emphasis added).
 

 The language of section 627.736(4)(b) is clear and unambiguous. Section 627.736(4)(b) imposes on the insurer a thirty-day time period in which to pay PIP benefits, if the claim is reasonable, related, and necessary. Under subsection (4)(b), a claim is due within the thirty-day period only if it is reasonable, related, and necessary. The statutory penalty for failing to pay a claim that is later determined to have been reasonable, related, and necessary, is an assessment of interest against the insurer,
 
 see
 
 § 627.736(4)(d), and potentially an award of attorney’s fees,
 
 see
 
 § 627.736(8).
 

 Contrary to the circuit court’s finding, subsection (4)(b) does not preclude an insurer from challenging the submitted claim after the thirty-day time period, or limit the ability of the insurer to obtain and submit proof, after the thirty-day period, that the treatment was not reasonable, necessary, or related.
 
 See United Auto. Ins. Co. v. Millennium Diagnostic Imaging Ctr., Inc.,
 
 12 So.3d 242, 246 (Fla. 3d DCA 2009) (finding that the thirty-day time period set forth in section 627.736(4)(b) applies to the payment of claims that are necessary, reasonable, and related, and the failure to contest a claim within this thirty-day period does not serve to forever bar a contest to the claim);
 
 Bermudez,
 
 980 So.2d 1213,1216-17 (Fla. 3d DCA 2008) (concluding that “section 627.736(4) ... deals with timing as to when PIP benefits that are properly due must be paid by an insurer before they are considered overdue.... [S]ection 627.736(4) expressly provides that ‘[t]his paragraph does not preclude or limit the ability of the insurer to assert that the claim was unrelated, was not medically necessary, or was unreasonable’ ”);
 
 AIU Ins. Co. v. Daidone,
 
 760 So.2d 1110, 1112 (Fla. 4th DCA 2000) (holding “that the thirty-day period in section 627.736(4) applies to benefits which are reasonable and necessary as a result of the accident”).
 

 Because the thirty-day period for the payment of PIP benefits contained in section 627.736(4)(b) only applies to the payment of benefits that are reasonable, necessary, and related, and the insurer may contest the claim at any time, we conclude that the trial court departed from the essential requirements of the law in refusing to consider Dr. Millheiser’s affidavit when ruling on Santa Fe’s motion for summary judgment, even though it was generated more than thirty days after Santa Fe submitted the PIP claim.
 

 
 *65
 
 B. Application of section 627.7.36(7)(a): The circuit court’s failure to consider Dr. Millheiser’s affidavit because it was not based upon his physical examination of the insured
 

 The trial court and the circuit court appellate panel also concluded that United Auto was required to obtain a “valid report” before it could deny payment. The circuit court agreed with the trial court’s refusal to consider Dr. Millheiser’s affidavit because the affidavit did not constitute a “valid report” as required under section 627.736(7)(a). These findings were error because subsection (7)(a) does not require the insurer to obtain a valid report to deny payment of a claim. Subsection (7)(a) only requires that a valid report be obtained when further benefits are withdrawn without the consent of the injured person. Subsection (7)(a), in relevant part, states as follows:
 

 An insurer may not withdraw payment of a treating physician without the consent of the injured person covered by the personal injury protection, unless the insurer first obtains a valid report by a Florida physician licensed under the same chapter as the treating physician whose treatment authorization is sought to be withdrawn, stating that treatment was not reasonable, related, or necessary.
 

 (Emphasis added). As the quoted language reveals, subsection (7)(a) specifies that a valid report is only required for an insurer to withdraw benefits without the consent of the injured person. Since this is a denial, not a withdrawal, of benefits case, subsection (7)(a) does not apply. Thus, United Auto was not required to obtain a “valid report” before denying Santa Fe’s claim.
 

 Because this is a denial case, subsection (4)(b) applies. Subsection (4)(b) provides that the insurer must pay benefits that are reasonable, related, and necessary within thirty days after receiving written notice, and the failure to do so could subject the insurer to penalties. However, if the insurer believes that the claim is not reasonable, related, and necessary and denies the claim, it may obtain and offer reasonable proof at any time to establish that the insurer is not responsible for payment of the claim. “[A]ny payment shall not be deemed overdue when an insurer has reasonable proof to establish that the insurer is not responsible for payment.” § 627.736(4)(b). “Reasonable proof’ is not defined, but it is clear that subsection (4)(b) does not require that a “valid report” be obtained to protect an insurer from being assessed statutory penalties when denying a claim. It is important to note that the statute does not require the insurer to obtain a report or proof under subsection (4)(b) before denying a claim.
 

 In
 
 United Automobile Insurance Co. v. Rodriguez,
 
 808 So.2d 82, 87 (Fla.2001), the Florida Supreme Court noted that nowhere in section 627.736(4)(b) does it require that a medical report (let alone a “valid [medical] report”) be obtained showing that the insurer is not responsible for payment:
 

 Amici Allstate Insurance Company and Geico Casualty Company point out that this requirement of a medical report is not mentioned anywhere in section 627.736(4) and they contend it is erroneous. Amici are correct. The statute does not mention “medical report” in this regard; the statute simply says that the insurer must pay benefits within thirty days unless the insurer “has
 
 reasonable proof
 
 to establish that the insurer is not responsible for the payment.” The statute does not limit “reasonable proof’ to a “medical report.” Thus, to the extent that the present district court
 
 *66
 
 opinion defines “reasonable proof’ to mean
 
 only
 
 a medical report, the district court has rewritten the statute. This too was error.
 

 (Footnotes omitted).
 

 Additionally, Justice Pariente, in her concurring opinion in
 
 Rodriguez,
 
 explained that the “reasonable proof’ requirement in section 627.736(4)(b) is not synonymous with the “valid report” requirement of section 627.736(7)(a), and that the “reasonable proof’ requirement of section 627.736(4)(b) (relating to the denial of benefits), is only necessary to avoid “overdue” status.
 

 This statute [section 627.736(7)(a)] requires that a PIP insurer obtain a medical report as a condition precedent to withdrawing benefits. Nothing in the language of section 627.736(4)(b) suggests that the “reasonable proof’ necessary to avoid “overdue” status is limited to the “report” necessary to “withdraw” payment of a treating physician under section 627.736(7)(a).
 
 See
 
 § 627.736(4)(b). In my view, this interpretation of the “reasonable proof’ requirement in section 627.736(4)(b) and the medical report requirement of section 627.736(7)(a) give meaning and effect to both statutory provisions, with each section operating independently of the other.
 

 Rodriguez,
 
 808 So.2d at 89 (Pariente, J., concurring).
 

 In
 
 State Farm Mutual Automobile Insurance Co. v. Rhodes & Anderson, D.C., P.A.,
 
 18 So.3d 1059 (Fla. 2d DCA 2008), Judge Canady (now Justice Canady) authored a comprehensive opinion addressing the identical question: whether a “valid report” under section 627.736(7)(a) is required before an insurer may deny payment of a claim for PIP benefits. The Second District answered the question in the negative, holding that the insurer’s refusal to pay for certain tests was a denial, not a withdrawal, of payment, and thus the “valid report” requirement in section 627.736(7)(a) did not apply. The court found, instead, that because the claim was denied, the insurer was only required to provide reasonable proof that the insurer was not responsible for the claim.
 
 Id.
 
 at 1064.
 

 Our interpretation of section 627.736(7)(a) is consistent with this Court’s earlier opinion in
 
 United Automobile Insurance Co. v. Viles,
 
 726 So.2d 320 (Fla. 3d DCA 1998). Unlike the instant case,
 
 Viles
 
 was a withdrawal case. Thus, section 627.736(7)(a) applied, and the insurer was required to obtain a valid report before withdrawing or refusing to pay any further PIP benefits. In
 
 Viles,
 
 the insurer had paid for some of the chiropractic services provided to the insured, but, believing that the bills were fraudulent and not reasonably related to the accident, refused to pay for additional services without first obtaining a valid physician’s report stating that further treatment was unnecessary, unreasonable, or unrelated. 726 So.2d at 320. This Court concluded that prior to withdrawing payment, the insurer was required to obtain a valid report.
 

 [W]e agree with the trial court’s well reasoned analysis concluding that United Auto was required to first obtain a physician’s report before refusing to pay further medical bills. The statute [section 627.736(7)(a)] plainly provides that an insurer must first obtain the referenced report before electing to withdraw payment.
 

 Viles,
 
 726 So.2d at 321 (emphasis added).
 

 Bermudez
 
 was also a withdrawal case. Thus, subsection (7)(a) applied, not subsection (4)(b). In
 
 Bermudez,
 
 the issue was whether a medical report issued for the withdrawal of PIP benefits may be based on the reporting physician’s review of another physician’s examination, or whether
 
 *67
 
 the reviewing physician must perform his own independent physical examination of the insured. 980 So.2d at 1214. This Court concluded that a valid report for the withdrawal of benefits may be based upon the reporting physician’s review of another physician’s examination. “[W]e hold that under section 627.736(7)(a) a medical report issued for the withdrawal of PIP benefits may be based on a physical examination of the insured that is conducted by either the physician preparing the report or another physician’s examination.”
 
 Ber-mudez,
 
 980 So.2d at 1215.
 

 Although
 
 Bermudez,
 
 in dicta, suggests that
 
 Viles
 
 also applies the section 627.736(7)(a) valid medical report requirement to the denial of PIP benefits, a careful reading of the case demonstrates that it does not.
 
 Viles
 
 only applies section 627.736(7)(a) to the withdrawal or termination of authorization for further treatment, not to an initial outright denial of benefits. “The statute plainly provides that an insurer must first obtain the referenced report before electing to withdraw payment.”
 
 Viles,
 
 726 So.2d at 321 (emphasis added). “[S]ection 627.736(7)(a) sets up a procedural requirement that an insurer cannot withdraw payment of a treating physician unless the decision is supported by an expert that the treatment does not comply with the statutory criteria.”
 
 Id.
 
 (emphasis added).
 
 See also Rhodes & Anderson,
 
 18 So.3d at 1064 (confirming that
 
 Viles
 
 “only applies to the withdrawal or termination of payments or to the withdrawal or termination of authorization for treatment”; holding that “denial of a single claim for payment does not constitute the withdrawal of a physician’s ‘treatment authorization’ ” and does not implicate section 627.736(7)(a) because that section “does not address situations in which one charge for treatment has been denied by the insurer”).
 

 We, therefore, recede from that portion of
 
 Bermudez
 
 suggesting that the holding in
 
 Viles
 
 also applies to denial of benefits cases.
 

 Because this is a denial cáse, section 627.736(7)(a) is not implicated. Therefore, United Auto was not required to obtain a “valid medical report” to deny payment of Santa Fe’s claim, and the circuit court erred in granting Santa Fe’s motion for summary judgment based upon United Auto’s failure to comply with section 627.736(7)(a).
 

 CONCLUSION
 

 We grant the instant petition because the circuit court departed from the essential requirements of law by incorrectly interpreting the language of subsections (4)(b) and (7)(a) of section 627.736, and by failing to apply the correct law set forth in subsection (4)(b). In granting the petition, we clarify that subsection (4)(b) pertains to the time period for payment of PIP benefits if the claim is reasonable, related, and necessary. Subsection (4)(b) provides that when an insured seeks payment of PIP benefits from the insurer, the insurer must pay the claim within thirty days if the claim is reasonable, related, and necessary. If the insurer believes the claim is not reasonable, related, and necessary, it may: (1) deny the claim; or (2) pay the claim until it obtains a valid medical report under subsection (7)(a) and withdraw further payment. “Reasonable proof” when defending an insurer’s decision to deny payment of a claim under subsection (4)(b) does not require that the insurer obtain a valid report pursuant to subsection (7)(a), and the insurer may contest its responsibility to pay a claim at any time, and present evidence obtained after the thirty-day period has expired. Subsection (7)(a), which requires that the insurer obtain a valid medical report, only applies to in
 
 *68
 
 stances where the insurer withdraws the payment of further PIP benefits, not to the denial or reduction of the benefits claimed.
 

 Petition granted; decision quashed.