WELLS, Judge.
 

 Partners in Health Chiropractic, a/a/o Neocles Lebrun, petitions for second tier certiorari review of a decision from the Circuit Court Appellate Division reversing a trial court judgment in its favor. We find no departure from the essential requirements of the law and thus we deny the petition. However, we write to address the discord that has manifested itself in the county courts relating to the interpretation and application of two portions— sections 627.736(4)(b) and 627.736(7)(a) — of Florida’s personal injury protection (PIP) statute.
 

 
 *860
 

 Facts
 

 Neocles Lebrun, the insured, was injured in an automobile accident on March 7, 2002, and between March and June of 2002 received medical care from Partners in Health. Partners in Health submitted its bills for chiropractic services rendered to Lebrun to Lebrun’s insurer, United Automobile Insurance Company. None of these bills were paid.
 

 Proceedings in the Trial Court
 

 In July 2005, Partners in Health brought suit to obtain payment for the services of its physicians. United Auto defended, claiming that the medical treatment provided was not reasonable, related or necessary and submitted both a physician’s report dated August 23, 2004 and an affidavit executed in 2006 by chiropractor, Dr. Neil Fleischer, to this effect. In response, Partners in Health argued that because Dr. Fleischer’s August 23, 2004 report was prepared more than thirty days after United Auto received its bills, that report could not be considered as constituting reasonable proof that United Auto was not responsible for payment of its bills. Partners in Health also argued that Dr. Fleischer’s August 23, 2004 report was invalid because Dr. Fleischer had not personally examined Lebrun purportedly as required by section 627.736(7)(a) of the Florida Statutes. Summary judgment in Partners in Health’s favor was granted without explication.
 

 Proceedings in the Appellate Division of the Circuit Court
 

 The Appellate Division of the Circuit Court reversed the summary judgment in Partners in Health’s favor. It did so for two reasons: first, because it concluded that under section 627.736(4)(b), an insurer does not forfeit the right to challenge whether a claim is reasonable, related or necessary, where it fails to obtain proof of same within thirty days of receipt of a claim; and second because it found that to be valid, a section 627.736(7)(a) physician’s report, need not be predicated on a physical examination performed by the physician making the report.
 

 While we agree with both conclusions, we write to confirm (1) that in a section 627.736(4)(b) case such as this, section 627.736(7)(a) does not apply to mandate a physician’s report; and, (2) that a section 627.736(7)(a) report need not be predicated on a physical examination of the insured by either the reporting physician or by any physician on behalf of the insurance company.
 

 Denial of Benefits vs. Withdrawal of Payment to a Treating Physician
 

 We begin by drawing a distinction between an outright denial of all or some benefits — which is governed by subsection 627.736(4) of the Florida Statutes — and a withdrawal of payment from a treating physician — which is governed by subsection 627.736(7).
 
 See State Farm Mutual Automobile Insurance Co. v. Rhodes and Anderson,
 
 18 So.3d 1059 (Fla. 2d DCA 2008). If an insurer either
 
 denies
 
 a claim completely, that is refuses to make any payments whatsoever, or
 
 denies
 
 one or more discrete charges or claims (whether for a treating physician’s services or otherwise), the insurer’s actions constitute a “denial” of benefits and section 627.736(4) of the Florida Statutes applies. If, however, the insurer has paid benefits to a treating physician, and then seeks to
 
 withdraw
 
 or terminate further payment to that physician, the insurer’s actions constitute a “withdrawal” of further benefits and section 627.736(7) applies.
 

 Because the instant case is a denial case, section 627.736(4) applies.
 

 
 *861
 

 Application of Section 627.736(4)(b)
 

 Section 627.736(4) governs when personal injury protection (PIP) benefits must be paid by an insurer such as United Auto. Under this provision, such benefits are payable as the loss accrues, when the insurer receives proof of losses which are covered under the insured’s policy:
 

 (4) Benefits; when due. — Benefits due from an insurer .... shall be due and payable as loss accrues, upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred which are covered by the policy....
 

 § 627.736(4), Fla. Stat. (2009).
 

 Under subsection (b) of this provision, PIP benefits are due to be paid within thirty days following receipt of written notice of a covered loss by the insured, and, are “overdue” if not paid within that time:
 

 (b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a cover loss and of the amount of same.
 

 § 627.736(4)(b), Fla. Stat. (2009).
 

 While payment of a claim may be technically “overdue” if not paid within thirty days of receipt, the insurer may “at any time,” reject such a claim on the grounds that it is neither reasonable, related, nor necessary:
 

 This paragraph does not preclude nor limit the ability of the insurer to assert that the claim was unrelated, was not medically necessary, or was unreasonable .... Such assertion by the insurer may be made at any time, including after payment of the claim or after the 30-day time period for payment set forth in this paragraph.
 

 Id.
 

 Thus, to reject or deny a claim, all an insurer need do is provide “an itemized specification of each item that the insurer [has] reduced, omitted, or declined to pay and any information that the insurer desires the claimant to consider related to the medical necessity of the denied treatment or to explain the reasonableness of the reduced charge.”
 
 Id.
 
 And where the insurer has “reasonable proof’ to establish that it is not responsible for payment, payment will not be deemed overdue even if not made within thirty days of notice of the claim.
 
 Id.
 

 In short, an insurer may
 
 deny
 
 a PIP claim in whole or in part either before or after that claim becomes “overdue [because not paid within thirty days]” provided it has “reasonable proof’ that it is not responsible for payment. And, while such proof may come in the form of a report described in section 627.736(7)(a), such a report is not necessary to deny a claim under section 627.736(4)(b):
 

 Amici Allstate Insurance Company and Geico Casualty Company point out that [the] requirement of a medical report is not mentioned anywhere in section 627.736(4).... Amici are correct. The statute does not mention “medical report” in this regard; the statute [section 627.736(4) ] simply says that the insurer must pay benefits within thirty days unless the insurer “has
 
 reasonable proof to
 
 establish that the insurer is not responsible for the payment.” The statute does not limit “reasonable proof’ to a “medical report.” Thus, to the extent that the present district court opinion defines “reasonable proof’ to mean
 
 only
 
 a medical report, the district has rewritten the statute. This too was error.
 

 United Automobile Ins. Co. v. Rodriguez,
 
 808 So.2d 82, 87 (Fla.2001) (footnotes omitted);
 
 Rhodes and Anderson,
 
 18 So.3d at 1064 (holding that denial of a “single claim
 
 *862
 
 for payment” does not implicate section 627.736(7)(a) so as to require a report);
 
 see also United Automobile Ins. Co. v. Millennium Diagnostic Imaging Ctr., Inc.,
 
 12 So.3d 242, 246 (Fla. 3d DCA 2009) (confirming that based on the unambiguous language of section 627.736(4)(b) and applicable case law, an insurer may challenge treatment at any time and may rely on a section 627.736(7)(a) report, even if that report is obtained more than thirty days after the claim is submitted).
 

 Nothing in our decisions in
 
 United Automobile Insurance Co. v. Viles,
 
 726 So.2d 320 (Fla. 3d DCA 1998), and
 
 United Automobile Insurance Co. v. Bermudez,
 
 980 So.2d 1213 (Fla. 3d DCA 2008), hold otherwise. In
 
 Viles,
 
 the insurer had made payments for some of an insured’s chiropractic services before refusing to pay for the remainder of those services. There, we treated the insurer’s action as a withdrawal or refusal to pay further benefits to a treating physician under section 627.736(7)(a) and held that a valid physician’s report had to be provided by the insurer before payment could be terminated:
 

 [W]e agree with the trial court’s well reasoned analysis concluding that United Auto was required to first obtain a physician’s report before refusing to pay
 
 further
 
 medical bills. The statute [section 627.736(7) ] plainly provides that an insurer must first obtain the referenced report before electing to
 
 withdraw
 
 payment.
 

 Viles,
 
 726 So.2d at 321 (citation omitted) (emphasis added).
 

 Viles
 
 does not, therefore, hold that a 627.736(7)(a) report is a condition precedent to a total refusal to pay an insured’s bills or claims or to a refusal to pay (denial of) some of an insured’s bills or claims.
 
 See Rhodes and Anderson,
 
 18 So.3d at 1063-64 (confirming that
 
 Viles
 
 “only applies to the withdrawal or termination of payments or to the withdrawal or termination of authorization for treatment” and that “denial of a single claim for payment does not constitute the withdrawal of a physician’s ‘treatment authorization’ ” which does not implicate section 627.736(7)(a) because that section “does not address situations in which one charge for treatment has been denied by the insurer”).
 

 Bermudez
 
 also does not stand for the proposition that a 672.736(7) report is a condition precedent to denying or reducing some or all of an insured’s bills or claims.
 
 Bermudez
 
 dealt with a withdrawal of benefits under section 627.736(7)(a) and not with a denial of a claim or claims under section 627.736(4)(b). While
 
 dicta
 
 in
 
 Ber-mudez
 
 appears to suggest that
 
 Viles
 
 stands for the proposition that section 627.736(7)(a) applies to all reasonable, related, necessary claim denials, it nonetheless re-confirms the holding in
 
 Viles.
 
 In any event, any confusion caused by that portion of
 
 Bermudez
 
 relating to denial or reduction of benefits has now been resolved.
 

 In
 
 United Automobile Insurance Co. v. Santa Fe Medical Center, a/a/o Telmo Lopez,
 
 21 So.3d 60 (Fla. 3d DCA 2009) this court in an
 
 en banc
 
 decision receded from the following language in
 
 Bermudez:
 

 [A]s clearly stated in the certified question, the holding in
 
 Viles
 
 applied to “reduction, withdrawal or denial ... on the grounds of reasonableness, necessity or relationship[.]”
 
 Id.
 
 Nevertheless,
 
 State Farm
 
 limited the holding in
 
 Viles
 
 to cases where an insurer only withdraws payments or treatment authorization as opposed to an insurer’s reduction or denial of a claim.
 
 State Farm,
 
 18 So.3d at 1062-63.
 
 Viles
 
 asserted no such limitation. Thus, we affirm our holding in
 
 Viles
 
 that a valid report is required
 
 *863
 
 where an insurer attempts to reduce, withdraw, or deny PIP benefits on grounds of reasonableness, necessity, or relationship.
 
 Viles,
 
 726 So.2d at 321.
 

 Bermudez,
 
 980 So.2d at 1216.
 

 Thus, neither
 
 Viles
 
 nor
 
 Bermudez,
 
 as these cases now stand, require a 627.736(7)(a) report as a condition precedent to either the complete denial or partial reduction of an insured’s bills or claims.
 

 The Appellate Division of the Circuit Court was, therefore, correct in concluding that United Auto did not have to obtain “reasonable proof’ that Partners in Health’s claim was not reasonable, related or necessary within thirty days of receipt of that claim. And, because section 627.736(4)(b) requires only “reasonable proof’ that a claim is not reasonable, related or necessary, the physician’s affidavit provided by Dr. Fleischer satisfied the requirements of section 627.736(4)(b). There was, therefore, no need for the Circuit Court to either look to section 627.736(7)(a) or to determine whether the report submitted by Dr. Fleischer complied with the requirements of that provision.
 
 See Santa Fe Medical Center,
 
 21 So.3d 60.
 

 Application of Section 627.736(7)(a)
 

 We also note that while not necessary to resolution of this case, the Appellate Division also correctly concluded that the section 627.736(7)(a) report prepared by Dr. Fleischer did not have to be based on a physical examination that he conducted. In
 
 Bermudez
 
 this court addressed this precise issue:
 

 We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A). We rephrase the certified question to read as follows:
 

 WHETHER A MEDICAL REPORT ISSUED FOR THE WITHDRAWAL OF PERSONAL INJURY PROTECTION BENEFITS PURSUANT TO SECTION 627.736(7)(a), FLORIDA STATUTES MUST BE BASED UPON A PHYSICAL EXAMINATION OF THE INSURED THAT IS PERSONALLY CONDUCTED BY THE PHYSICIAN ISSUING THE REPORT.
 

 We answer the rephrased question in the negative....
 

 980 So.2d at 1214.
 

 Although the report at issue in
 
 Bermu,-dez
 
 was premised on a physical examination conducted at the request of the insurer by a physician other than the physician preparing the report, that is, it was premised on an IME, nothing in section 627.736(7)(a) mandates an IME as a predicate to such a report. While much has been made of recent amendments to this provision purportedly for the purpose of doing away with reports based solely on review of a treating physicians records
 
 [1]
 
 , section 627.736(7)(a) still expressly defines a “valid report” as “one that is prepared and signed by a physician examining the injured person
 
 or reviewing the treatment records of the injured person.”
 
 § 627.736(7)(a) (emphasis and underline added).
 

 Where, of course, a statute is clear and unambiguous, courts will not “look behind the statute’s plain meaning for legislative
 
 *864
 
 intent or resort to rules of statutory construction to ascertain intent.”
 
 Koile v. State,
 
 934 So.2d 1226, 1230-31 (Fla.2006) (quoting
 
 Daniels v. Fla. Dep’t of Health,
 
 898 So.2d 61, 64-65 (Fla.2005)) (citation omitted). Thus, irrespective of the legislature’s purported intent to do away with reports based on no more than review of a treating physician’s records, the statute in its current state is clear and does not require a valid section 627.736(7)(a) report to be premised on either a physical examination by the reporting physician or an examination conducted on the insurer’s behalf (an IME).
 

 To summarize:
 

 • a claim may be rejected more than thirty days after submission to the insurer notwithstanding being “overdue”;
 

 • where no payment whatsoever has been made and the insurer rejects all claims or bills from a particular provider or treating physician as being unreasonable, unrelated or, unnecessary, section 627.736(4)(b) applies;
 

 • where some but not all claims or bills from a particular provider or treating physician are being rejected or reduced as unreasonable, unrelated, or unnecessary, section 627.736(4)(b) likewise applies;
 

 • Section 627.736(4)(b) requires only that an insurer have reasonable proof that a rejected claim or claims (or bill or bills) are unreasonable, unrelated, or unnecessary; while a section 627.736(7)(a) report may be utilized for this purpose, such a report is not required for this purpose;
 

 • where an insurer withdraws (that is, terminates) payments being made to a treating physician or withdraws or terminates authorization for further treatment by a treating physician, a section 627.736(7)(a) report must first be obtained;
 

 • such a section 627.736(7)(a) report does not have to be predicated on either a physical examination by the reporting physician or on a physical examination conducted on behalf of the insurer (an IME) but may be premised on review of the records of the insured’s treating physician.
 

 In this case, the insurer made no payments, claiming that no treatment was reasonable, related or necessary. The Appellate Division therefore correctly concluded that this action was governed by section 627.736(4)(b) and that the trial court erred in refusing to consider either the affidavit or the report submitted by United Auto in support of its denial of Partners in Health’s claim. Although United Auto was not obligated to provide a section 627.736(7)(a) report to support its rejection of Partners in Health’s claim, the Appellate Division was correct in determining that the report was valid even though not based on a physical examination conducted by the reporting physician.
 

 For these reasons, and those stated in this opinion, the petition is denied.
 

 [1]
 

 . Partners in Health cites to a senate staff analysis accompanying the 2001 amendment to section 627.736(7)(a) which states:
 

 The effect of this provision is to help remedy the current practice of PIP insurers utilizing what are termed "paper IME’s” in which the insurer’s physician merely reviews the medical treatment documents of the injured person and writes a report stating that such treatment was not reasonable, related or necessary.