WELLS, J.
 

 United Automobile Insurance Company appeals from a final summary judgment declaring that a section 627.736(7)(a) report must be predicated on either a personal examination of the insured by the reporting physician or on a physical examination conducted on behalf of the insurance company (an IME). Because this case is controlled by section 627.736(4)(b) and not section 627.736(7)(a), and moreover because neither a personal examination by the reporting physician nor an IME is necessary to support a valid section 627.736(7)(a) report, we reverse.
 

 Angelica Rodriguez, the insured, was involved in an automobile accident and subsequently treated by Eduardo J. Garrido D.C. P.A. As assignee of Rodriguez’s personal injury protection (“PIP”) benefits,
 
 *872
 
 Dr. Garrido submitted bills totaling $8,245 to United Auto for Rodriguez’s treatment. None of those bills were paid.
 

 Dr. Garrido ultimately brought suit to collect payment and moved for summary judgment. In support of that motion, Dr. Garrido served an affidavit from Rodriguez’s treating physician stating that the care provided to Rodriguez was medically necessary and related from a chiropractic standpoint. In opposition, United Auto submitted the affidavit and report of Dr. Neil Fleischer, D.C., who, based solely on a review of Rodriguez’s medical records, concluded that the services rendered were neither related nor necessary.
 

 Dr. Garrido objected to consideration of Dr. Fleischer’s affidavit and report because the report was not predicated on either a personal examination conducted by Dr. Fleischer or on an examination conducted on behalf of the insurer (an IME). The trial court agreed, concluding that the report was invalid for failure to comply with the requirements of section 627.736(7)(a) in that it was not predicated on either a personal examination by the reporting physician or on an examination conducted on behalf of the insurance company. Summary judgment was entered in Dr. Garrido’s favor.
 

 The County Court certified to this Court the following question of great public importance:
 

 WHETHER A PHYSICIAN’S REPORT BASED ON A REVIEW OF RECORDS THAT IS PREPARED AT THE REQUEST OF THE INSURER UNDER § 627.736(7)(a), FLA. STAT. (2003) SATIFIES [SIC] THE STATUTORY CRITERIA OF A VALID REPORT WHERE THE REPORT IS
 
 NOT
 
 FACTUALLY SUPPORTED BY A PHYSICIAL EXAMINATION CONDUCTED BY ANOTHER PHYSICIAN AT THE REQUEST OF THE INSURER PURSUANT TO § 627.736(7)(a)?
 

 See
 
 Fla.R.App.P. 9.160.
 

 We rephrase the question as follows:
 

 Where an insurer has not paid any Personal Injury Protection benefits and denies a claim, must the insurer comply with section 627.736(7)(a) of the Florida Statutes?
 

 We answer the question in the negative.
 

 As this court explained in
 
 Partners in Health v. United Automobile Insurance Co.,
 
 21 So.3d 858, 2009 WL 3364884 (Fla. 3d DCA 2009), in cases such as this, where no payments have been made resulting in a total rejection of a provider’s bills, section 627.736(4) of the Florida Statutes applies. This provision permits an insurer to
 
 deny
 
 a PIP claim at any time, either before or after that claim becomes “overdue [because not paid within thirty days]” provided it has “reasonable proof’ that it is not responsible for payment. And, while such proof may come in the foi'm of a report described in section 627.736(7)(a), such a report is not necessary to deny a claim under section 627.736(4)(b). Thus, judgment should not have been granted in this case merely because the report provided by the insurer purportedly did not comply with the requirements of section 627.736(7)(a).
 

 Moreover, and as we confirmed in
 
 United Automobile Insurance Co. v. Bermudez,
 
 980 So.2d 1213, 1214 (Fla. 3d DCA 2008), and
 
 Partners in Health Chiropractic v. United Automobile Insurance Co.,
 
 21 So.3d 858, 2009 WL 3364884 (Fla. 3d DCA 2009), a “valid report,” even where appropriately required under section 627.736(7)(a), need not be predicated on either a physical examination conducted by the reporting physician or on a physical examination conducted on behalf of the
 
 *873
 
 insurance company. The report submitted in this case was not, therefore, invalid as not being predicated on a physical examination by either Dr. Fleischer or by another physician on United Auto’s behalf.
 

 The judgment entered below is, therefore, reversed with this matter remanded for further proceedings consistent with this opinion.