WELLS, J.
 

 United Automobile Insurance Company petitions for a writ of certiorari to quash a decision of the Circuit Court Appellate Division affirming a summary judgment in favor of insured Liliu Perez. That opinion adopted a lower court ruling striking as untimely a report from United Auto’s expert on reasonableness, relatedness, and necessity. We grant the petition and quash the decision below.
 

 Perez was involved in an automobile accident on or about September 25, 2003. From October 1, 2003 until November 19, 2003, she received medical treatment for injuries she claims to have sustained in that accident. On November 11, 2003, Perez submitted to an independent medical examination (“IME”) conducted by Dr. Pedro Musa-Ris, who issued a report concluding that “further treatment or diagnostic testing within my licensing chapter would not be reasonable, necessary or related for the accident in question.” Based on this report, on November 17, 2003, United Auto issued a letter stating: “[pjlease be advised that United Automobile Insurance Company hereby suspends benefits under this licensing chapter for any services rendered after 11/24/03.”
 

 
 *887
 
 On September 8, 2004, Perez filed suit against United Auto for breach of contract for failure to pay any of her medical bills. On October 31, 2006, United Auto filed a report that had been prepared by Dr. Richard Glatzer on May 12, 2005. That report stated that “none of the care rendered at Florida Institute for Pain was reasonable, necessary or related.” Perez, claiming that the report was untimely, moved to strike Dr. Glatzer’s report and to prohibit him from testifying. The motion was granted. Without Dr. Glatzer’s report, United Auto had no evidentiary support for its claim that Perez’s treatment was not reasonable, related or necessary. Judgment was, therefore, entered on Perez’s claim for payment of charges incurred
 
 before
 
 November 24, 2003.
 
 [1]
 

 The Appellate Division of the Circuit Court, while observing that “Florida law is devoid of any requirement that an insurance company ... obtain a peer review report within thirty days from the date of the notice of loss to establish or contest the reasonableness, relatedness, and necessity of a PIP [personal injury protection] claim,” nonetheless concluded that an insurer cannot “wait three years after the denial of a claim and two years after the commencement of litigation ... to file a peer review report as the only evidence which supports a blanket denial of a claim.” On this basis, the trial court’s ruling in Perez’s favor was affirmed.
 

 We reverse on the authority of this court’s recent decisions in
 
 United Automobile Insurance Co. v. Santa Fe Medical Center, a/a/o Telmo Lopez,
 
 21 So.3d 60, 2009 WL 3188957 (Fla. 3d DCA 2009) and
 
 Partners in Health Chiropractic, a/a/o Neocles Lebrun v. United Automobile Insurance Co.,
 
 21 So.3d 858, 2009 WL 3364884 (Fla. 3d DCA 2009). In these cases we concluded that where, as here, an insurer fails to pay
 
 any
 
 or some of an insured’s medical bills, section 627.736(4)(b) of the Florida Statutes applies. That provision requires only that an insurer have reasonable proof that a rejected claim or claims (or bill
 
 or
 
 bills) are unreasonable, unrelated, or unnecessary; that such proof may be supplied by a report prepared in accordance with section 627.736(7)(a) or otherwise; and that such proof may be provided at any time. Thus, the Appellate Division in this case erred in concluding that Dr. Glatzer’s report was untimely and could not be used to support United Auto’s position.
 

 We therefore grant certiorari, quash the decision below, and remand for further proceedings consistent with this opinion.
 
 See Morningside Civic Ass’n, Inc. v. City of Miami Com’n,
 
 917 So.2d 293, 295 (Fla. 3d DCA 2005) (“The exercise of ‘second-tier’ certiorari jurisdiction is appropriate where the circuit court appellate division has applied the incorrect law.”);
 
 Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic,
 
 913 So.2d 1281, 1286 (Fla. 2d DCA 2005) (“In measuring the seriousness of an error to determine whether second-tier certiorari is available, one consideration is whether the error is isolated in its effect or whether it is pervasive or widespread in its application to numerous other proceedings.” (quoting
 
 Dep’t of Highway Safety & Motor Vehicles v. Alliston,
 
 813 So.2d 141, 145 (Fla. 2d DCA 2002))).
 

 Writ granted.
 

 [1]
 

 . Perez made no claim for services provided or charges incurred after November 24, 2003. According to the IME report, that was the date following which no further payments were justified. We therefore do not address payment of any charges after November 24, 2003.