COPE, J.
 

 This is a petition for second-tier certio-rari in a case involving the denial of personal injury protection (“PIP”) benefits. We grant the petition.
 

 Sadys Lopez is an insured under PIP coverage issued by petitioner State Farm Mutual Automobile Insurance Company. According to the amended complaint, she was in an automobile accident and obtained treatment from Hyma Medical Center, Inc., to whom she assigned her PIP benefits.
 

 Hyma submitted its medical bills to State Farm. State Farm paid nothing, taking the position that the bills were not reasonable, related, or necessary.
 

 Hyma filed suit in county court and the court entered summary judgment in Hyma’s favor. State Farm appealed to the appellate division of the circuit court. In its answer brief, Hyma conceded that the reasons which had led to the entry of the county court judgment were invalid.
 

 Hyma argued, however, that the judgment could be upheld on a “right-for-wrong-reason” basis.
 
 See Dade County School Board v. Radio Station WQBA,
 
 731 So.2d 638, 644 (Fla.1999). Hyma argued that the affidavit submitted by State Farm’s reviewing physician was invalid. Hyma contended that the reviewing physician’s affidavit was not “factually supported by the examination and treatment records [of the insured].” § 627.736(7)(a), Florida Statutes (2008). The appellate division affirmed without opinion and State Farm has petitioned for second-tier certio-rari.
 

 This petition raises one of the issues addressed by this court’s recent opinion in
 
 United Automobile Ins. Co. v. Santa Fe Medical
 
 Center, 21 So.3d 60 (Fla. 3d DCA 2009) (en banc). This case is a “denial” case, where the insurer never paid any of the claims. A denial case is governed by paragraph 627.736(4)(b), Florida Statutes. As explained in
 
 Santa Fe,
 
 paragraph (4)(b) “pertains to circumstances where ‘the insurer has either reduced, omitted, or declined’ payment of PIP claims that are reasonable, necessary, and related .... ” 21 So.3d at 63.
 
 See also Partners in Health Chiropractic v. United
 
 
 *701
 

 Automobile Ins. Co.,
 
 21 So.3d 858 (Fla. 3d DCA 2009).
 

 By contrast, paragraph 627.736(7)(a), Florida Statutes, is applicable in a “withdrawal” case. In a withdrawal case the insurer has made payments but then seeks to withdraw all future payments for the same injury. In that situation paragraph (7)(a) “sets forth the necessary requirements that an insurer must satisfy before it may withdraw future PIP benefits.”
 
 Santa Fe,
 
 21 So.3d at 63.
 

 We conclude that the circuit court appellate division departed from the essential requirements of law. The appellate division accepted Hyma’s argument that State Farm’s reviewing physician’s affidavit did not comply with that part of paragraph (7)(a) that requires the reviewing physician’s report to be “factually supported by the examination and treatment records[.]” The problem is that the statutory language just quoted applies to a withdrawal case which is governed by paragraph (7)(a), but this is a denial case. Paragraph (7)(a) is inapplicable. That being so, the summary judgment cannot be upheld on the right-for-wrong-reason analysis offered by Hyma.
 

 We therefore quash the opinion of the appellate division of the circuit court. The case must be returned to the county court for further proceedings under paragraph 627.736(4)(b), Florida Statutes.
 

 Petition granted.